IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARON ERIC TAYLOR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-4517-N |
| | ) | |
| TEXAS DEPT. OF CRIMINAL JUSTICE, | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed a "Letter of Intent" to file a complaint against the Texas Department of Criminal Justice. The Court construed the letter as a civil rights complaint under 42 U.S.C. § 1983. On January 11, 2013, Plaintiff informed the Court that he did not intend to file a complaint at this time. On February 25, 2013, Plaintiff filed answers to the Magistrate Judge's Questionnaire stating he wanted to dismiss the current complaint without prejudice. He also filed a motion in limine seeking dismissal of this complaint.

II.

The Court therefore recommends that pursuant to Fed. R. Civ. P. 41(a) the District Court dismiss the complaint without prejudice and grant Plaintiff's motion in limine to the extent that it

seeks dismissal of the complaint.

Signed this 18th day of March, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).